UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GERMAN PEREZ GONZALEZ, on behalf of
himself and all other persons similarly situated,

        Plaintiff,

   — against —

BROTHERS II LANDSCAPES, INC. and
DANIEL JOSEPH,

        Defendants.

Case No.: 25-cv-01207 (SIL)

ANSWER

JURY TRIAL DEMANDED

Defendants, **BROTHERS II LANDSCAPES, INC. and DANIEL JOSEPH,**
(collectively, "Defendants"), by and through their counsel, **ZABELL &**
**COLLOTTA, P.C.**, submit the following Answer in response to the Complaint of
Plaintiff, **GERMAN PEREZ GONZALEZ**, as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint to
the extent that no violation of law occurred.

## JURISDICTION AND VENUE

2. Defendants admit the allegations set forth in Paragraph "2" of the Complaint
but aver no violation of law has occurred.

3. Defendants admit the allegations set forth in Paragraph "3" of the Complaint
but aver no violation of law has occurred.

4. Defendants admit the allegations set forth in Paragraph "4" of the Complaint
but aver no violation of law has occurred.

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph "5" of the Complaint.

6. Defendants admit the allegations set forth in Paragraph "6" of the Complaint but aver no violation of law occurred.

7. Defendants admit the allegations set forth in Paragraph "7" of the Complaint.

8. Defendants admit the allegations set forth in Paragraph "8" of the Complaint.

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

10. Defendants admit the allegations set forth in Paragraph "10" of the Complaint but aver no violation of law occurred.

## FACTUAL ALLEGATIONS

11. Defendants admit the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

2

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

25. Defendants repeat, reiterate and reallege each and every response made in Paragraphs "1" through "24" set forth herein.

26. Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

29. Defendants repeat, reiterate and reallege each and every response made in Paragraphs "1" through "28" set forth herein.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(1)

33. Defendants repeat, reiterate and reallege each and every response made in Paragraphs "1" through "32" set forth herein.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

3

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint to the extent that no violation of law occurred.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

36. Defendants repeat, reiterate and reallege each and every response made in Paragraphs "1" through "35" set forth herein.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint to the extent that no violation of law occurred.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not so impose, Defendants assert the following affirmative defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks Article III Standing to assert claims under NYLL §195(1) or NYLL §195(3).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any and all monies to which Plaintiff is entitled have been paid in accordance with federal and state law.

4

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

All actions undertaken by Defendants were done in good faith and in full compliance with the law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Some, or all, of the disputed time for which Plaintiff seeks recovery involves wages purportedly owed for time that is not compensable pursuant to the *de minimus* doctrine and rounding regulations.

## AS AND FOR A SIXTH AFFIRMATVE DEFENSE

Although Defendants deny that they owe any alleged unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the FLSA was willful, and thus, cannot establish entitlement to a three-year statute of limitations with respect to her FLSA claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Although Defendants deny that they owe any alleged unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiff were taken in good faith and were not willful.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked by Plaintiff of which Defendants lacked actual or constructive knowledge.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and full compliance with the law and did not violate any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a representative or class action because the putative Plaintiff are not similarly situated.

6

## DEMAND FOR A JURY

Defendants demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants, **BROTHERS II LANDSCAPES, INC. and DANIEL JOSEPH.**, hereby demand judgment dismissing the Complaint in its entirety, together with the cost and disbursements of this action, including attorneys' fees, and for such further relief as this court may deem just, equitable, and proper.

Defendants expressly reserve the right to amend their Answer and assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery.

Dated:      March 20, 2025
            Bohemia, New York

                                        ZABELL & COLLOTTA, P.C.
                                        *Attorneys for Defendants*

By:         _____

            Saul D. Zabell, Esq.
            Anthony T. Masciana, Esq.
            1 Corporate Drive, Suite 103
            Bohemia, New York 11716
            Tel. (631) 589-7242
            Fax. (631) 563-7475
            SZabell@laborlawsny.com
            AMasciana@laborlawsny.com

7